remain together; The State has further erred by failing to notice such widespread unconformity, and even further erred by failing to correct such widespread unconformity, and all such errors have injured each member of the putative Class herein, and continue to do so on a daily basis.

61. Further, the Class alleges that the State, as a whole, has willfully, recklessly, and/or negligently perpetuated and exacerbated the entire situation, by routine violations of the aforementioned federal public family and parent-child relationship policy statutes, by routine usage of protective and restraining orders illegally done "ex parte" to favor default sole custody by one parent (when the whereabouts of other parent are already known for normal service of process), by the routine issuance of ex parte "household" protective and restraining orders used essentially to favor default sole custody by one parent, and directly interfering, without due process of law, with the other parent's right to uninhibited relationships with the minor children in question, by routine issuance of ex parte protective and restraining orders used essentially to favor default sole custody, by disparately taking property away from the other parent (sudden residential evictions), by the changing of children's names often done without proper notice, or even notice of *any* kind, for any reason, and by the changing of children's names often done to assist the fraudulent concealment of the children from the other parent, even though such changing of children's names is inherently very poor business practice for purposes of social security, medical history, taxes, and other types of nationally administrative reasons.

62. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards to violations of the various constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

63. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

64. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled to various awards of damages against the Defendant for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief under section "H" of this pleading.

### Count II: Refusals to enforce and support lawful parenting time

65. The Defendant has willfully, reckless, and/or negligently refused or neglected to ensure that Class members, as a whole, enjoy even the reduced parenting time that the State itself "allowed" them to have, let alone the equal amount of parenting time that comports with the Federal Constitution for all fit natural parents, and the Plaintiffs' allege that such a pattern of the

deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and/or constitutional rights, and that the Defendant should be therefor adjudged due and owing to the Plaintiffs for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

### Count II: Supporting facts

66. Plaintiffs reallege all paragraphs 1 through 65, *supra*, and incorporate them herein by reference the same as if fully set forth. (H.I.).

67. While the Plaintiffs allege and maintain that they have various rights and liberties to share *equal* parenting time with their children, *supra*, they note that even the allegedly unlawful and reduced parenting time that is "allowed" by a state court is rarely, if ever, enforced, leaving them with no reasonable remedies with which to restore and secure even *that* amount of "visitation" – a term which the Plaintiffs abhor, and liken to libel and slander of a wrongful status.

68. The State, as a whole, consistently violates both the letter, and the spirit, of certain federal statutes included within ¶ 40, *supra*, and misapplies various practices or policies in direct violation of express intent in federal grants to states to provide access and visitation programs.

69. The State, as a whole, consistently demonstrates a deliberate indifference pattern in failure to neglect to prevent violations of the various rights of the Plaintiffs to their parenting time, equal or reduced, by allowing "custodial" parents to engage in distant move-aways with the children in question, essentially cutting off all parenting time that can be ever exercised by a noncustodial parent, by refusals to use contempt or other coercive methods to induce custodial parents into affording even the reduced parenting time that has been allowed by the state courts, and consistent refusals to arrest or file charges against even the most contemptuous custodial parents who regularly interfere with parenting time of a noncustodial parent.

70. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards to violations of the various constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

71. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

72. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled to various awards of damages against the Defendant for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief under section "H" of this pleading.

**Count III: Conspiracy to enforce unlawful child custody orders**

73. The Defendant has engaged in a conspiracy with all others of the several States to enforce such aforementioned unlawfully determined child custody orders, and the Plaintiffs' allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and/or constitutional rights, and that the Defendant should be therefor adjudged due and owing to the Plaintiffs for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

**Count III: Supporting facts**

74. Plaintiffs reallege all paragraphs 1 through 73, *supra*, and incorporate them herein by reference the same as if fully set forth. (H.I.).

75. The Federal Government enacted the Uniform Child Custody Jurisdiction Act (UCCJA), and also appropriates and distributes various federal funding to administer, support, and enforce the existence and the provisions of the same Act, contingent upon the Defendant's complicity to enact and maintain a similar or identical law and practice, and "hiding" behind one or more Full Faith and Credit Clause(s) to enforce child custody orders of any one of the several States.

76. While maintaining such a practice would be lawful in regards to enforcing the existence of a child custody order that was previously made in full compliance with the various protections of family, liberty, and privacy guarantees of the United States Constitution, enforcing a child custody status that was ordered without application of the same protections is unlawful.

77. The Plaintiffs allege that the Defendant has arbitrarily and capriciously acted in bad faith, recklessness, and/or negligence, in failing to first ensure that any such child custody order made by another of the several States, and being asked to enforce the same within its own jurisdiction, was ordained in full compliance with the various protections of family, liberty, and privacy

guarantees under the United States Constitution, and that the Plaintiffs have generally suffered continued violations of those same said guarantees, due to the Defendant's actions or inactions.

78. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards to violations of the various constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

79. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

80. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled to various awards of damages against the Defendant for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices

27

detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief under section "H" of this pleading.

### Count IV: Defrauding in regards to child support

81. The Defendant has taken property and liberty of the Plaintiffs, and/or threatened to take property and liberty of the Plaintiffs under pain, penalty, and even force, all to ostensibly enforce generally unlawful orders of child support, and has generally defrauded the federal government, and thereby also the federal and state taxation processes used against the Plaintiffs, in regards to fraudulent obtaining of various forms of federal funding that was originally designed to support only the states' true needs for assisting children falling under the doctrine of parens patriae, the Defendant routinely allows orders of child support against the Class to be made and exist in clear derogation of the right of any fit natural parent to best determine the appropriate amount of spending upon his or her children without undue interference by the state, and the Plaintiffs' allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and/or constitutional rights, and that the Defendant should be therefor adjudged due and owing to the Plaintiffs for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

### Count IV: Supporting facts

82. Plaintiffs reallege all paragraphs 1 through 81, *supra*, and incorporate them herein by reference the same as if fully set forth. (H.I.).

83. The Plaintiffs assert that how much money a parent spends for the care and maintenance of their children is a parenting decision and thus is a constitutionally guaranteed fundamental right. The State government is not permitted to intrude upon this fundamental right without clear and convincing proof of demonstrable harm to a child.

84. By mandating child support based on combined parental income, the Defendant exceeds the constitutionally permitted right of the State to intrude in the federal right to privacy of both fit natural parents.

85. Additionally, awards of child support based on income shares are inherently erred in relation to the actual needs of raising children, and have no basis in fact or established data.

86. Support guidelines are also inherently arbitrary, capricious, and unconstitutional, without formal and prior establishment of the economic data mandates required under federal law.

87. Additionally, there exists no method of reasonable accountability for proving that support is actually used on behalf of the children, or for what purposes, and what little degree of accountability that does exist is routinely ignored by the Defendant's family courts, to the detriment of not only the Plaintiffs, but also to the detriment of the children in question.

88. Further, the Defendant arbitrarily, capriciously, and routinely issues such child support orders against fit natural parents who do not remain together, yet, disparately does not subject the same enforcement upon any parents who are married, or who are otherwise living together, or even against any other parents who have yet to come before the Defendant's "family" courts.

89. The prerequisites of obtaining a lawful child support under Title IV-D of the Social Security Act include strict interpretation of the needs of the child.

90. The term "child support" is a legal term of art originating from the Social Security Act of 1935 for the sole purpose of providing for a child who has an "absent parent" or "continued absence" – creating a "dependent child", the criteria of which is a child who has been deprived of parental support or care by reason of; 1) death, 2) continued absence from the home, or 3) physical or mental incapacity of a parent. *See* 42 USC 606(a).

91. The term "continued absence" includes abandonment, military service, or incarceration, but not the situation created by the Defendant's arbitrary and capricious segregation of two fit natural parents into different suspect classes – one "custodial", and one "noncustodial".

92. Congress used "child support" throughout Title IV of the Social Security Act, and its amendments, as a term of art referring exclusively to payments from absent parents. *Sullivan v. Stroop*, 496 U.S. 478 (1990).

93. Further, the federal "Bradley Amendment" applies to prohibit unlawful retroactive child support arrearages, but the Defendant's family courts routinely apply retroactive arrearages in even the most egregious circumstances of due process violations. *See* 42 USC 666.

94. In spite of all of the above guarantees and protections that exist for the Plaintiffs' benefit, the Defendant has consistently violated such federal law, and the rights of fit natural parents, to faithlessly "engineer" a de facto system wherein fit natural parents are first unlawfully and routinely divided into different suspect classes, and then subjects the "lesser" parent to a barrage of further unlawful treatments, including takings of property (i.e., monies for "child support") without due process, intimidation, threats, and various forms of coercion, whether expressed or implied, to "enforce" such child support orders obtained only in strict derogation of the specific language and prerequisites of the Social Security Act, and in violation of the other aforementioned legal barriers to the same, completely disregarding the legal definition of "non-public assistance IV-D case" – meaning a "child support" case that is only true and necessary for children at risk of being impoverished if one parent did not provide for them, i.e., a true circumstance of the Defendant's lawful parens patriae interest in a particular case.

95. Further, the Defendant's agencies continually refuse, neglect, or fail to make required investigations into true and lawful eligibility of children for public assistance - when applications

for such are made by one parent – the disparately enhanced "custodial" parent – for various types of assistance such as AFDC or TANF.

96. In all of the Defendant's counties, social services agencies are carrying out the provisions of AFDC or TANF, and improperly acting as federal "agents", providing public assistance and establishing child support orders.

97. The Defendant blatantly disregards the 42 USC 1301(d) objection provision, where state officials act as federal agents in "taking charge" of a child, primarily for the sake of obtaining federal block grant funding for child support enforcement, in spite of the fact that there is no compelling state interest or state interest in the care of such child.

98. By creating and enforcing fraudulently-based child support orders that do not comport with either various federal laws, or even the Federal Constitution, the Defendant unilaterally subjects all members of the Class to either direct peonage, or at least the strong and coercive threat of peonage, essentially creating a conspiracy of court-assisted enslavement of, and profiting against, one fit natural parent by the other, all in direct violation of the 13th Amendment to the United States Constitution.

99. By way of several generally-known and practiced examples, such inherent threats include "debtors prison", whether done by criminal charges or by forms of contempt, threats of takings of drivers licenses, threats of takings of professional licenses, and etc. – all done in direct contravention of the privacy, property, and liberty protections of the Federal Constitution.

100. The Defendant also routinely engages in unlawful takings of federal tax returns based upon such fraudulent calculations of child support owed.

101. Webster's New World Dictionary defines the following:

**fraud** (frôd), n. [M.E. & OFr. *fraude*; L. *fraus, fraudis*],

1. a) deceit; trickery; cheating.

   b) in law, intentional deception to cause a person to give up property or some lawful right.

2. something said or done to deceive; trick; artifice.

3. a person who deceives or is not what he pretends to be; impostor. - *SYN.* see **deception**.

102. The Plaintiffs have not yet formally brought this as a qui tam action under the Federal False Claims Act, but have instead chosen to alert the United States Attorney General of the same patterns of fraudulent obtaining of federal funding.

103. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards to violations of the various corresponding constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

104. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

105. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled to various awards of damages against the Defendant for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief under section "H" of this pleading.

### Count V: Disparate taxation

106. The Defendant disparately taxes, and causes further disparate taxation, of the unlawfully segregated suspect classes of fit natural parents, and the Plaintiffs' allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and/or constitutional rights, and that the Defendant should be therefor adjudged due and owing to the Plaintiffs for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

### Count V: Supporting facts

107. Plaintiffs reallege all paragraphs 1 through 106, *supra*, and incorporate them herein by reference the same as if fully set forth. (H.I.).

108. Again, the arbitrary and capricious separation of two fit natural parents into different classes is patently unconstitutional.

109. By creating such a disparate circumstance, one of the two fit natural parents is given rights and benefits enhanced at the expense of the other fit natural parent's loss, including by way of unequal taxation treatment.

110. Familiar examples include allowing state and federal child exemption credits only for "custodial" parents, and allowing state and federal earned income credits only for the same custodial parents, but not allowing any such credits to inure to the benefit of the "noncustodial".

111. Additionally, the Plaintiffs allege that the very system of child support orders constitute a battery of unlawful and additional taxes, caused and enforced by the Defendant upon them.

112. Further, that the Defendant fraudulently assists custodial parents in reaping financial windfalls at the graven expense and injury to noncustodial parents, in that they essentially exist as unlawfully forced continuing transfers of wealth between two parties who no longer stand in the relation of mutually benefiting contracts or relationships, thus constituting unlawful takings.

113. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards to violations of the various constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

114. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment

to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

115. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled to various awards of damages against the Defendant for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief under section "H" of this pleading.

### Count VI: Willful, reckless, and/or negligent government mismanagement

116. The Defendant has willfully, recklessly, and/or negligently engaged in a general pattern of serious mismanagement of society and taxation, and the Plaintiffs' allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and/or constitutional rights, and that the Defendant should be therefor adjudged due and owing to the Plaintiffs for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

### Count VI: Supporting facts

117. Plaintiffs reallege all paragraphs 1 through 116, *supra*, and incorporate them herein by reference the same as if fully set forth. (H.I.).

118. The Defendant is aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that children of divorced parents who have two primary parents in their lives do better in school, are better adjusted and happier than children raised by only one primary parent, and that children in joint custody arrangements have