IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Cause No.: 04-30200-KPN

Joseph F. SCHEBEL, Jr., individually, and )
on behalf of all persons similarly situated, )
)
    Plaintiffs-Petitioners, )
)
v. )
)
COMMONWEALTH of MASSACHUSETTS, )
)
    Defendant-Respondent. )

## Verified Motion for Certification of Class; and, Request for Appointment of Class Counsel

Comes now the principal Plaintiff-Petitioner, Joseph F. Schebel, Jr., individually, and also on behalf of all persons so similarly situated in this action (together, "the Class"), pursuant to Rules 17, 19, 23, and 23.2 of the Federal Rules of Civil Procedure, and respectfully moves this Court to certify the existence of said Class for the purposes sought herein, and to appoint appropriate class counsel, pursuant to the provisions of Rule 23(g), by submitting the following in support:

### Statement and Description of the Class

1. Principle Plaintiff-Petitioner, and all putative co-plaintiffs, are United States citizens, 18 years of age or older on the date of filing this action, with each having conceived one or more natural children, of whom any one or more of which is/are currently: (a) living; (b) residing within the jurisdiction of any court of the United States; (c) not institutionalized; and, (d) of age in years so that the very existence of such child(ren) either does, or could, give present or future

1

rise to any legal or equitable proceeding in any court for the payment, by such plaintiff, of any form of child support, to any other person or party, in any form or method heretofore established by the State of Massachusetts.

2. Further, that each such above plaintiff has also been previously adjudicated, by any judge of any court of the Commonwealth of Massachusetts, as a "noncustodial parent", or any other such similar term or phrase commonly applied to represent that such plaintiff does not equally enjoy the same full sets and degrees of physical, possessory, and legal rights to all aspects of the care, custody, and management of said child(ren) that are recognized to belong to, or enjoyed by, the other natural (commonly referred to as the "custodial") parent of said child(ren).

3. Lastly, that each such above plaintiff, in addition to the above criteria, has either: (a) never been formally convicted, in any competent court of the several States or of the United States, and by proceedings performed with absolute accordance to the full protections of all constitutional due process rights normally afforded every criminal defendant, as having been either seriously abusive, or seriously neglectful, to the health, safety, or physical or emotional welfare, of any minor child – whatsoever – *but*, specifically excluding from the above criteria *only* those circumstances wherein such prosecution was solely related to nonpayment of child support; or, (b) obtained full reversal, vacation, overturning, or other like purging, of each, any, and all such convictions in any one or more competent courts of the several States, or of the United States.

## Motion for Certification of the Class

4. According to official federal data published by the U.S. Department of Health and Human Services (report published April 29, 2003, by the Administration for Children and Families, a subdivision of the above Department), there were 245,921 open Title IV-D child support cases for the Commonwealth of Massachusetts during fiscal year 2002.

5. The estimated number of putative plaintiffs in this action is reasonably calculated at about the same figure of 245,921, more or less, given due consideration to the interplay between the following facts: (1) the official data is from 2002, and the normal growth of population has inherently increased that number as to the present time; (2) however, a relatively small percentage of open child support case sets are each attributable to a single obligor; but, (3) there also exist more individual child support obligors than are accounted for by the above data, as not all child support cases are directly handled through Title IV-D agencies, even though the corresponding court orders are ostensibly based directly upon the provisions of Title IV-D, under the guise of a state's child support guidelines, and/or like parameters.

6. Accordingly, the estimated figure of 245,921 "noncustodial parents" is actually *conservative*, for the purposes of determining the approximate number of plaintiffs in this action, and well-supporting the existence of a suspect Class which is exceedingly numerous, and well beyond the parameters of any other conventional method of enjoining plaintiffs.

7. The principle plaintiff, and all putative plaintiffs, assert that they may be acting in the substantive form of an unincorporated association, pursuant to the spirit and intent of Rules 17(b) and 23.2 of the Federal Rules of Civil Procedure, and that they may therefore sue in their common name(s) for the purpose of enforcing similar and identical substantive rights existing under the Constitution and laws of the United States. *See*, e.g.: **Exhibit #1** that is attached to the Verified Complaint, et seq., contemporaneously filed with this Motion and Request.

8. The principle plaintiff, and all putative plaintiffs, pursuant to Rule 19 of the Federal Rules of Civil Procedure, assert that they claim common interests relating to the subject matter of this action, and that they are so similarly situated that the disposition of this action in any putative plaintiff's absence may: as a practical matter impair or impede such absent plaintiffs' ability to

protect those same interests; and/or, leave any such putative plaintiffs subject to a substantial risk of incurring, in the future, or in the present, double, multiple, or otherwise inconsistent obligations by reason of the claimed interests.

9. The principle plaintiff, together with all putative plaintiffs, hereby and now incorporate by reference, the same as if fully set forth herein (H.I.), and for the purposes below, all claims and interests that are either specifically contained with the entirety of the <u>Verified Complaint, et seq.</u> filed in this action, and/or are directly or indirectly implied by the contents therein.

10. That pursuant to the various provisions under Rule 23(a) of the Federal Rules of Civil Procedure, the principal plaintiff and all putative plaintiffs assert that: (1) they are a Class so numerous that joinder of all members is utterly impracticable; (2) there are questions of law or fact common to each member of the Class in this action; (3) the claims of the representative principal plaintiff are at least typical of, if not even identical to, the claims of the entire Class as a whole; and, (4) the representative principal plaintiff will fairly, adequately, and diligently prosecute and protect the interests of the Class, by further asserting, accordingly, that the principal plaintiff has already and clearly demonstrated such proficiency and diligence herein.

11. Further, and pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, the principal plaintiff and all putative plaintiffs assert: (1) the prosecution of separate actions by individual members of the Class would create a risk of: (A) inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class; <u>and,</u> (B) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; <u>and,</u> (2) the party opposing the class has acted or refused to act on grounds

generally applicable to the Class, thereby making appropriate and necessary, in the interests of justice, all such final relief awarded with respect to the Class as a whole.

12. Additionally, the principal plaintiff and all putative plaintiffs believe the Court should reasonably find, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, that the questions of law or fact common to the members of the Class predominate over any separate questions affecting only individual members, if any, and that a class action is superior to all other available and conceivable methods for the fair and efficient adjudication of the controversy.

13. Lastly, the principal plaintiff and all putative plaintiffs of the Class represent and maintain that the various interests and claims being prosecuted within this action, and all relief sought, are of virtual uniformity, if not of exactly identical grounds, as that which is also desired by any particular individual member of the Class, and that, therefore, the Class would also urge the Court to find that any "opt-out" procedures, considered under Rule 23(c)(3) of the Federal Rules of Civil Procedure, would be both unnecessary, and inappropriate.

## **Request for Appointment of Class Counsel**

14. The Class vigorously maintains, and notes to the Court, its natural, inherent, and legal rights to self-prosecute this action in its own defense, based partially upon solidly consistent rulings made over many years by the United States Supreme Court, and other authorities, regarding such explicit and directly related issues as: the unconstitutionality of prohibiting "non-lawyers" from representing others; the validity of group standing to assert (litigate) the corresponding rights of its (class) members without the need to have representation by "professional" attorneys; and, the freedom to engage (litigate) in association for the advancement of group (class) beliefs and ideas being an inseparable aspect of the "liberty" assured by the Due Process Clause of the Fourteenth Amendment. *See*, e.g.: *N.A.A.C.P. v. Button*, 371 U.S. 415

(1964); *Sperry v. Florida*, 373 U.S. 379 (1963); Samore, Legal Services for the Poor, 32 Albany L. Rev. 509, 515-516 (1968); Sparer, Thorkelson, & Weiss, The Lay Advocate, 43 U. Det. L. J. 493, 510-514 (1966); *Johnson v. Avery*, 393 U.S. 483 (1969); *Railroad Trainmen v. Virginia Bar*, 377 U.S. 1 (1964); *N.A.A.C.P. v. Alabama ex rel. Patterson*, 357 U.S. 449, 458-460 (1958); *Bates v. City of Little Rock*, 361 U.S. 516, 523 (1960); *Louisiana ex rel. Gremillion v. N.A.A.C.P.*, 366 U.S. 293, 296 (1961); *Gitlow v. New York*, 268 U.S. 652, 666 (1925); *Palko v. Connecticut*, 302 U.S. 319, 324 (1937); *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940); *Staub v. City of Baxley*, 355 U.S. 313, 321 (1958); *De Jonge v. Oregon*, 299 U.S. 353, 364 (1937); *Sierra Club v. Morton*, 405 U.S. 727 (1972), and many others, and still not even *beginning* to mention the reaffirmation of these same rights confirmed by numerous rulings from the various Circuit Courts of Appeals.

15. The Class further maintains, and notes to the Court, that its directly related inherent and natural Right to Petition the Government for Redress of Grievances is well established under the First Amendment to the United States Constitution.

16. However, the Class also notes that the language of Rules 23(g) and 23(h) of the Federal Rules of Civil Procedure, although not *specifically* mandating that *only* professional attorneys may operate as class counsel, instead appears to contemplate that appointment and designation from duly accredited representatives should be preferred by the Court in selecting any one or more persons as class counsel to engage for the interim and future proceedings of this action.

17. Further, due to the considerable implications involved with the prosecution of this action, the Court may well find advisable the merit of appointing one or more members from its own CLE panel, from another such similarily established association, or from among the more distinguished members of the Bar of this District, any of which that might be well-versed in the

subject matter aspects of this action, and already enjoying the various abilities indicated under the provisions of Rule 23(g)(1)(c).

18. In considering the possible candidates for appointment for class counsel, and the total number of such designations that might be made, the Court should note that there are considerable sources of compensation available for the services rendered by one or more such appointments, given the several alternative outcomes of relief that can be awarded herein.

19. Further, that any pretrial settlement proffered and negotiated between the parties would inherently not be consummated without the inclusion of a clear provision for payment, by the Defendant-Respondent, of any and all reasonable attorney fees, costs, and expenses of suit.

20. Accordingly, the Class hereby moves the Court to appoint, pursuant to Rule 23(g), one or more such suitably zealous candidates as class counsel for the prosecution of this action.

21. Alternatively, the Class notes, for the convenience of the Court, that certain claims and interests being raised and prosecuted by this action – primarily those alleging particularly and clearly demonstrated actions by the Defendant-Respondent of engaging in widespread patterns of willful, knowing, intentional, and/or reckless denials of various civil rights – are also being forwarded on to the Office of the United States Attorney General on this date of filing, by brief description and summary of the same attached to a filestamped copy of the Complaint in this action, and that the Attorney General appears to have wide discretionary authority to intervene in portions of these proceedings, on behalf of the Class, and using a variety of procedural methods, pursuant to various statutory provisions of the United States Code. *See*, e.g.: 31 USC § 3730, et seq.; 42 USC § 2000b, et seq.; 42 USC § 2000h-2, et seq.; 42 USC § 14141, et seq., and etc.

22. Accordingly, the Court may wish to consider only appointing one or more members of its Bar for the purposes of interim class counsel, as opposed to an immediate order of permanent

7

class counsel, due to the possibility of any directly-related or indirectly-related action(s) taken by, or on behalf of, the United States Attorney General and the Federal Government.

23. In all other events, the Class maintains and reserves its various inherent, natural, and legal rights to zealously self-prosecute this action to its natural and successful conclusion.

**WHEREFORE**, the undersigned Principal Plaintiff, Joseph F. Schebel, Jr., individually, and on behalf of all putative plaintiffs so similarly situated under the aforementioned Class statement and description, now and together pray this Court for an appropriate order: (a) certifying the existence of the Class as described; and, (b) appointing one or more suitable members of its Bar to engage, and zealously act, as either interim, and/or permanent, class counsel for the remaining duration of these proceedings; and, for all other relief that is just and proper in the premises.

Respectfully submitted,

_____
Joseph F. Schebel, Jr.

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed at  Feeding Hills ,  Mass  this  4  day of October, 2004.

_____
Joseph F. Schebel, Jr.

8

## CERTIFICATE OF SERVICE

I hereby certify that, on this __4__ day of October, 2004, a true and complete copy of the foregoing motion for class certification and request for appointment of class counsel, by depositing the same in the United States mail, postage prepaid, has been duly served upon:

(Governor for the Commonwealth of Massachusetts):
Mitt Romney
Office of the Governor
State House
Room 360
Boston, MA 02133

(Attorney General for the Commonwealth of Massachusetts):
Tom Reilly
Office of the Attorney General
1 Ashburton Place
Boston, MA 02108-1698

                                                    _/s/ Joseph F. Schebel, Jr._
                                                    Joseph F. Schebel, Jr.

Joseph F. Schebel, Jr.
71 Columbia Drive
Feeding Hills, MA 01030
413-789-7515