**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

Cause No.: 04-30200-MPN

| | |
|---|---|
| Joseph F. SCHEBEL, Jr., individually, and on behalf of all persons similarly situated, | ) ) ) |
| Plaintiffs-Petitioners, | ) ) ) |
| v. | ) ) |
| COMMONWEALTH of MASSACHUSETTS, | ) ) |
| Defendant-Respondent. | ) ) |

# Memorandum of Law Regarding State Immunity

Comes now the principal Plaintiff-Petitioner, Joseph F. Schebel, Jr., and also on behalf of all persons so similarly situated in this action (together, "the Class"), who hereby provide various instructive authority for the convenience of this Court, in regards to the question of whether the Defendant has any immunity in this matter, by virtue of the following, to-wit:

There are two basic questions of putative immunity available for the Defendant in these proceedings, one of whether there is total immunity to suit via alleging protection under the 11th Amendment to the United States Constitution, and the other regarding immunity to damages.

The answer to both immunity questions is well established in the negative, via various Acts of Congress, and by significant *stare decisis* under rulings from the United States Supreme Court, which bind the law and procedure within these proceedings, and the Defendant has no recourse but to blame itself for committing the various acts which are now the basis of suit, and which acts themselves abrogate any immunity that the Defendant *may* have previously enjoyed.

The first question is of potential total immunity under the 11th Amendment, but the Defendant has lost all availability of this defense pursuant to express mandate of various federal statutes.

The Defendant has willingly, and even aggressively, sought after and received numerous forms of federal financial assistance, in the way of grants, matching funds, stipends, and the like, in regards to an entire plethora of state-run programs and services that are directly invested to the gamut of state judicial and other proceedings related to domestic relations actions. In each case of a federal statute providing appropriations and distributions for such federal monies, there is also one or more companion federal statutes that mandate the state will not be immune under the 11th Amendment, if either it discriminates against citizens in regards to race, color, ethnicity, sex, gender, religion, or in some cases age, or that it either interferes with, or fails to protect, any and all due process, civil, and constitutional rights of a given citizen in such a program or activity.

By way of example, 42 USC § 2000d-7 is just one of the *many* statutes providing relief for the Plaintiffs upon the violative acts of the Defendant, and clearly states, in paragraph (a)(1):

> "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance."

Because the Defendant receives "Federal financial assistance", and in conjunction with all of the numerous aforementioned state-run "programs and activities" (*see* 42 USC § 2000d-4a) that deal directly with funding the various aspects of its state judicial systems, state judges, state prosecutors, state child protection services, state domestic violence shelters, state counselors, state guardian ad litems, and virtually every other conceivable interest in domestic relations and juvenile proceedings, the Defendant also waives immunity for committing violations of federal law, particularly against Title VI of the Civil Rights Act of 1964, which prohibits, among other

things, any discrimination and/or denial of the benefits of all such programs or services, including due process procedures in accordance with the Federal Constitution, equal protection of the law, and other such federal rights and guarantees for all United States citizens. These are among the types of alleged violations committed by the Defendant against the Plaintiffs, and the facts of these alleged violations are necessarily reserved for proper determination at trial.

The second question is of immunity to damages against a state, but neither is this available to the Defendant, as again, federal law expressly provides the Plaintiffs with an opportunity for damages, and the United States Supreme Court has also well established the same opportunity of retrospective relief awarded against a state, by a consistent pattern of rulings made thereupon.

Again, 42 USC § 2000d-7 is just one of the *many* statutes providing retrospective relief for the Plaintiffs upon the violative acts of the Defendant, and clearly states, in paragraph (a)(2):

> "In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State."

Obviously, since all forms of relief, whether consisting of injunctive, declaratory, prospective, retrospective, or any other forms, are available against other public and private entities, the clear and unambiguous language of this statute provides for all such same forms of relief against the Defendant, "a State", and there is no immunity from the same – including from any damages.

Moreover, even if this clear language was not enough, the United States Supreme Court has consistently provided for damages against a State in compensation for wrongs done, *whether or not* such relief falls under a statutory express waiver of immunity. *See*, e.g.: *Verizon MD. Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635 (2002); *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (money damages from the State as employer under Title I of the Americans with Disabilities Act of 1990); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 66

3

(2000) (money damages from the State as employer under the Age Discrimination in Employment Act of 1967); _Alden v. Maine_, 527 U.S. 706, 712, 760 (1999) (money damages from the State as employer under the Fair Labor Standards Act of 1938 in state court); _Florida Prepaid Postsecondary Ed. Expense Bd. v. College Savings Bank_, 527 U.S. 627, 633 (1999) (money damages and injunctive and declaratory relief against a State for patent infringement); _College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd._, 527 U.S. 666, 671 (1999) (same for trademark violations); _Seminole Tribe of Fla. v. Florida_, 517 U.S. 44, 47, 100 (1996) (suit to compel State to negotiate in good faith); and, _Hans v. Louisiana_, 134 U.S. 1 (1890) (money damages for failure to honor state securities).

The Defendant is alleged to have committed various violations of federal law, and also violations of the various civil and constitutional rights guaranteed to the Plaintiffs as United States citizens, with each and every one of these violations also existing as another abrogation of the companion federal statutes that expressly waive the Defendant's immunity in committing such violations against the prohibitions described, and all such facts of the Plaintiff's allegations are properly reserved for trial.

Accordingly, the Defendant has no defense of total immunity to suit that might have been available under the 11th Amendment, nor of any defense of immunity to damages in these proceedings, and the Plaintiffs must now request the Court to take judicial notice of the same.

Respectfully submitted,

Joseph F. Schebel, Jr.

4

## CERTIFICATE OF SERVICE

I hereby certify that, on this ___4___ day of October, 2004, a true and complete copy of the foregoing memorandum of law regarding state immunity, by depositing the same in the United States mail, postage prepaid, has been duly served upon the following:

(Governor for the Commonwealth of Massachusetts):
Mitt Romney
Office of the Governor
State House
Room 360
Boston, MA 02133

(Attorney General for the Commonwealth of Massachusetts):
Tom Reilly
Office of the Attorney General
1 Ashburton Place
Boston, MA 02108-1698

Joseph F. Schebel, Jr.

Joseph F. Schebel, Jr.
71 Columbia Drive
Feeding Hills, MA 01030
413-789-7515