UNITED STATES DISTRICT COURT
WESTERN DISTRICT

CIVIL ACTION NO. 04-30200-KPN

|  |  |
|---|---|
| JOSEPH F. SCHEBEL, JR., individually and on behalf of all persons similarly situated, | ) ) ) |
| Plaintiffs-Petitioners, | ) ) |
| v. | ) ) |
| COMMONWEALTH OF MASSACHUSETTS, | ) ) |
| Defendant-Respondent. | ) ) ) |

**COMMONWEALTH'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS**

The Attorney General, on behalf of the defendant, Commonwealth of Massachusetts, submits this memorandum in support of its motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

**INTRODUCTION**

Plaintiff, Joseph F. Schebel, has filed an internet-generated civil rights complaint on behalf of a purported class against the Commonwealth of Massachusetts, alleging a plethora of violations of law that supposedly act to the detriment of non-custodial parents.[1] See http://www.indianacrc.org. *Pro se* plaintiffs throughout the country have filed essentially the same complaint in about 40 states, attacking the domestic relations and child custody laws of each state.

---

[1] Schebel previously filed related actions in this Court. See Joseph F. Schebel, Jr., v. William Bennett, et al. U.S.D.C., Western Section, Civil Action No. 03-30138; Joseph F. Schebel, Jr., v. William Bennett, et al., U.S.D.C., Western Section, Civil Action No. 03-30193. In those actions, Schebel alleged several claims related to his criminal prosecution for violating a restraining order held by his former wife.

Id. The complaint seeks a million dollars in damages per plaintiff and requests orders requiring equal custody for persons adjudicated as non-custodial parents as well as the abolition of child support payments. Complaint, ¶¶ 135, 136, 142. This complaint appears to insert the "Schebel" name as plaintiff and the Commonwealth of Massachusetts as defendant into the prepackaged complaint posted on a website entitled "Indiana Civil Rights Council." The site seeks to recruit plaintiffs for filing identical complaints in federal court and contains a Response to Motion to Dismiss. See http://www.indianacrc.org.[2]

The complaint should be dismissed in its entirety, with prejudice. There are several alternative reasons why the Court lacks jurisdiction over the subject matter of the complaint and Schebel has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[3] First, the Eleventh Amendment bars this action in its entirety. Cory v. White, 457 U.S. 85, 90-91 (1982). Second, it is well-established that 42 U.S.C. § 1983 actions for alleged violations of civil rights may only be brought against a "person," and the Commonwealth is not a person. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64-65 (1989).

Third, under the domestic relations exception to federal jurisdiction, an action that requires the federal court to consider issues of custody, child support payments, or "whether a previous court's determination on these matters should be modified" should be dismissed. Rykers v. Alford,

---

[2] The Commonwealth of Massachusetts notes that plaintiff seeks class certification, appointment of counsel, and a referral to a three-judge panel. Because these matters are not presently before the Court, nor should they be because the Commonwealth's motion to dismiss will hopefully dispose of the entire action, defendant does not address these issues at this time. The Commonwealth has concurrently filed a motion to stay all proceedings.

[3] When the Court lacks jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the action must be dismissed. Additionally, Schebel's complaint is insufficient as a matter of law and must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

832 F.2d 895, 900 (5th Cir. 1987); <u>see also</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 702-704 (1992). Fourth, when a plaintiff is essentially seeking federal review of the state court's child custody determination, the action is barred by the Rooker-Feldman doctrine. <u>District of Columbia Court of Appeals v. Feldman,</u> 460 U.S. 462, 482 (1983); <u>Rooker v. Fidelity Trust Co.,</u> 263 U.S. 413, 415 (1923). Because Schebel is essentially challenging divorce, custody, and child support determinations of thousands of individuals in Massachusetts, this action must be dismissed pursuant to the domestic relations exception and the Rooker-Feldman doctrine.

Fifth, Schebel lacks standing to bring this action both on his own behalf as well as others. Failing to allege that he has suffered an "injury in fact," Schebel cannot demonstrate that he has standing to bring this action either on his own behalf or on behalf of others. Schebel also fails to establish how any of the alleged constitutional or statutory violations personally involve him. Nor has he shown any "concrete and particularized" allegations of injury in fact by simply alleging that he is a non-custodial parent. Additionally, Schebel cannot assert the alleged rights of non-custodial parents, and therefore, he lacks standing on this basis, as well.

Sixth, this *pro se* complaint must also be dismissed because it has been improperly pled. It contains few facts pertaining to Schebel, it alleges only conclusory violations of law, and it fails to contain a short and plain statement of the allegations and the claims.

## ARGUMENT

**I. THE COMMONWEALTH IS ENTITLED TO IMMUNITY UNDER THE ELEVENTH AMENDMENT**

Schebel's claims should be dismissed because the Court lacks jurisdiction under the Eleventh Amendment to the United States Constitution.

It is well settled that the Eleventh Amendment to the United States Constitution[4] bars suit in federal court against a state or its agencies.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Ad Hoc Comm. on Judicial Admin. v. Massachusetts, 488 F.2d 1241, 1243 n.2 (1st Cir. 1973), cert. denied, 416 U.S. 986 (1974). This bar applies regardless of whether money damages or injunctive relief is sought.  Pennhurst, 465 U.S. at 100 (Eleventh Amendment proscribes suit against state agencies "regardless of the nature of the relief sought"); Cory v. White, 457 U.S. 85, 90-91 (1982); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam).

There are only two conditions under which the Commonwealth would not have Eleventh Amendment immunity: congressional abrogation or waiver. Neither has occurred here. There is no authority showing abrogation under the circumstances of this case. See Dellmuth v. Muth, 491 U.S. 223, 227-28 (1989); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 238-247 (1985). Congress did not abrogate the States' Eleventh Amendment immunity by enacting the specific civil rights statutes cited in the plaintiff's canned complaint. Those statutes provide a cause of action against individuals for alleged violations of federal constitutional rights but they do not abrogate sovereign immunity. See, Quern v. Jordan, 440 U.S. 332, 338-45 (1979); see also, Unimex, Incl. v. Dept. of Housing and Urban Development, 594 F.2d 1060, 1061 (5th Cir. 1979) (direct claims against HUD are barred by sovereign immunity because the United States has not consented to suit

---

[4] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

under the civil rights statutes); Wolpoff v. Cuomo, 792 F.Supp.964, 967 (S.D.N.Y. 1992)(section 1443's refusal clause does not clearly abrogate the state's Eleventh Amendment immunity); Carreras Roena v. Camara De Comerciantes Mayoristas, Inc., 440 F.Supp. 217, 219 (D.C. Puerto Rico 1976), aff'd 559 F.2d 1201, ("Section 1443 is not a substantive source of jurisdiction over the states. . . in view of the absolute prohibition of the Eleventh Amendment of the Constitution.").

There is also no support for waiver of immunity. A state may consent to be sued in federal court, but such a waiver must be unequivocal and will not be inferred. Edelman v. Jordan, 415 U.S. 651, 673 (1974) (waiver of Eleventh Amendment immunity must be based upon "most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction") (internal quotation marks omitted). Nothing indicates that the Commonwealth has waived its Eleventh Amendment immunity.

Schebel's numerous negligence allegations do not overcome Eleventh Amendment immunity. General Laws c. 258 is the "exclusive remedy" for a cause of action alleging injury resulting from a "negligent or wrongful act" of the Commonwealth. G.L. c. 258 § 2; Fearon v. Commonwealth, 394 Mass. 50, 53 (1985). A suit under G.L. c. 258 may only be instituted in the Commonwealth's Superior Courts. G.L. c. 212 § 3; c. 258 § 12. The statute does not constitute a waiver of Eleventh Amendment immunity to allow suit in federal court. Irwin v. Commissioner of Dept. of Youth Services, 388 Mass. 810, 820 (1983).[5]

Because there has been no showing of waiver or abrogation of the Commonwealth's Eleventh Amendment immunity, the complaint must be dismissed in its entirety.

---

[5] In any event, the negligence claims must be dismissed because Schebel failed to make presentment to the Commonwealth. G.L. c. 258 § 4; Richardson v. Dailey, 424 Mass. 258 (1997); Commesso v. Hingham Housing Auth., 399 Mass. 805 (1987).

**II.   PLAINTIFF CANNOT BRING HIS ALLEGED § 1983 CLAIMS AGAINST THE COMMONWEALTH BECAUSE IT IS NOT A PERSON**

It is well-established that 42 U.S.C. § 1983 actions for alleged violations of civil rights may only be brought against a "person." Will v. Michigan Dept. of State Police, 491 U.S. 58, 64-65 (1989). The U.S. Supreme Court has ruled that "a state is not a 'person' within the meaning of section 1983." Id. at 65. Therefore, all claims based upon § 1983 must be dismissed with prejudice.

**III.   SCHEBEL LACKS STANDING TO BRING THIS ACTION**

Schebel cannot assert this action on his own behalf or on behalf of others. Standing is an essential Article III element of subject matter jurisdiction. Allen v. Wright, 468 U.S. 737, 750 (1984); see e.g., McInnis-Misenor v. Maine Medical Center, 319 F.3d 63, 67-68 (1st Cir. 2003). "Standing is thus a threshold question in every case, requiring the court to determine 'whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant [ ] invocation of federal-court jurisdiction.'" McInnis-Misenor, 319 F.3d at 67 (quoting Warth, 422 U.S. at 498-99; Baker v. Carr, 369 U.S. 186, 204 (1962)). "A litigant bears the burden of showing that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . ." McInnis-Misenor, 319 F.3d at 65 (quoting Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 472 (1982)). The "injury in fact" requirement means "the plaintiffs must have suffered an injury that is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations and internal quotations omitted). "[T]he suit must present more than abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative

branches." McInnis-Misenor, 319 F.3d at 68 (quoting Allen; Warth; Valley Forge). "[S]tanding is not measured by the intensity of the litigant's interest or the fervor of his advocacy." Valley Forge, 454 U.S. at 486. The requirement that a plaintiff show an injury in fact is necessary to "prevent[] the judicial process from becoming no more than a vehicle for the vindication of the value interests of concerned bystanders." United States v. SCRAP, 412 U.S. 669, 687 (1973).

Schebel has not met the standing requirements. He fails to establish how any of the alleged constitutional or statutory violations personally involve him. He asserts simply that he is the parent of a minor child who is the subject of a custody order, and that he has a "federal dispute and controversy with the Commonwealth of Massachusetts, over being subjected to aspects of variously alleged unlawful practices, patterns, policies, and/or systemic actions or inactions, that violate certain federal rights, and/or certain federal laws. ..." Complaint, ¶¶ 13, 14, 15. He makes broad conclusory allegations regarding injury. Id. at ¶ 21. These allegations are insufficient to show Schebel's standing because they do not allege facts showing that he personally has suffered from any of the alleged constitutional deprivations that form the basis of his claims. Nor has Schebel presented any "concrete and particularized" allegations of injury in fact by simply alleging that he is a non- custodial parent. Complaint, ¶ 15. At best, his allegations show an academic interest or disagreement with state family courts. Schebel theorizes that the concept of joint legal custody and the elimination of child support payments are a "cure- all" for the nation's problems. Therefore, Schebel has insufficiently pled Article III standing.

As the Court has stated before, Shebel's conclusory claims of harm, deprivation, and loss are impermissibly abstract and non-particularized:

> [S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily

>abstract nature of the injury all citizens share. Concrete injury, whether actual or threatened, is that indispensable element of a dispute which serves in part to cast it in a form traditionally capable of judicial resolution.

Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 220-21 (1974) (holding that citizens lacked standing to challenge, under "Incompatibility Clause" of U.S. Const. Art. I., § 6, cl. 2, military reserve status of Members of Congress); see Allen, 468 U.S. at 754 ("[t]his Court has repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court"); United States v. AVX Corp., 962 F.2d 108, 113 (1st Cir. 1992) ("[w]hile the requisite injury may be common to many . . . it may not be shared by all") (citing Schlesinger).

Schebel's claims of "harm" are also pure assertions of law, not allegations of fact, as the cases require. E.g., Lujan, 504 U.S. at 560; FW/PBS, 493 U.S. at 231. Moreover, the assertions are either (1) state-law matters already conclusively decided to the contrary or (2) demonstrably wrong.

Schebel also lacks standing to assert the alleged rights of non-custodial parents. When the court lacks subject matter jurisdiction over the claims of the named plaintiff purporting to represent a class, the plaintiff may not "seek relief on behalf of himself or any member of the class." O'Shea v. Littleton, 414 U.S. 488, 494 (1974). Even when a plaintiff alleges an injury sufficient to meet the case or controversy requirement, "the plaintiff must generally assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975); see also, Singleton v. Wuff, 428 U.S. 106, 113-14 (1976); El Grove Unified Sch. Dist. v. Newdow, 124 S.Ct. at 2309.

Given the absence of standing, this Court should dismiss this matter in its entirety.

**IV.     THIS ACTION MUST BE DISMISSED UNDER THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL JURISDICTION**

The Supreme Court has established an exception to jurisdiction for actions that seek decrees related to issues of divorce, child custody, and child support. Ankenbrandt v. Richards, 504 U.S. at 702-704; see also, Elk Grove Unified School District v. Newdow, 124 S.Ct. 2301, 2309 (2004)("One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations."). The domestic relations exception to federal court jurisdiction prevents the federal district courts from adjudicating domestic relations claims. This principle has been long recognized at common law. In re Burrus, 136 U.S. 586, 593-594 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.").

Schebel seeks relief in the form of monetary damages as well as an order requiring the restoration of equal custodial status to all "fit" parents, prohibiting custodial relocation of minor children, requiring reimbursement of child support previously paid to the custodial parent, and ending all court-ordered child support. Complaint, ¶¶ 132, 134, 135, 137. Under the domestic relations exception to the federal court's jurisdiction, when the action requires the federal court to consider issues of custody, child support payments or "whether a previous court's determination on these matters should be modified, the court should dismiss the case." Rykers v. Alford, 832 F.2d at 900. Because Schebel's complaint falls within the domestic relations exception, it should be dismissed with prejudice. See LaMontagne v. LaMontagne, 394 F. Supp 1159, 1160 (D.Mass. 1975).

## V.    THIS ACTION IS BARRED BY THE ROOKER-FELDMAN DOCTRINE

Since plaintiff is essentially seeking federal review of the state court's child custody determinations, his action is barred by the Rooker-Feldman doctrine. This doctrine provides that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." District of Columbia Court of Appeals v. Feldman, 460 U.S. at 482, & 486-87 (holding federal district court lacks jurisdiction to review claim that court of appeals acted arbitrarily, capriciously, unreasonably or discriminatorily in denying petitions for waiver of bar admission rule); Rooker v. Fidelity Trust Co., 263 U.S. at 416 (holding federal district court lacks jurisdiction to review allegations that state judgment was rendered in violation of due process, equal protection and contract clause of the federal constitution); Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970)("lower federal courts have no power whatever to sit in direct review of state court decisions."  ); accord Henry v. Connolly, 910 F.2d 1000, 1002 (1st Cir. 1990); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990); Bricker v. Crane, 468 F.2d 1228, 1231 (1st Cir. 1972), *cert. denied*, 410 U.S. 930 (1973).

The Rooker-Feldman doctrine bars collateral attack on a state court judgment in federal court, even where the plaintiff dresses up the collateral attack as a § 1983 action and alleges a violation of constitutional rights.  Hill v. Town of Conway, 193 F.3d 33, 41 (1st Cir. 1999)("The most important exception is that federal courts do not have jurisdiction pursuant to § 1983 to review the judgments and decisions of state courts.")(citation omitted); e.g., Walsh v. Warner, 1999 WL 261854 (D. Mass.) (unpublished decision) ("A federal district court may not review the correctness of state court decisions . . . The question is one of jurisdiction, not of judicial immunity.")*;* Aronson v. Illinois Appellate Court Judges Everette A. Braden, et al., 1999 WL 350866 (N.D.Ill.

1999)(unpublished decision) ("Litigants simply are not entitled to come into a federal court, using the guise of a claimed deprivation of a right to a jury trial and due process, as a vehicle for a collateral attack on a state appellate court decision.  Any such effort to have a federal court trump a state court decision is doomed under what has become known as the Rooker-Feldman doctrine."); Garry v. Geils, 82 F.3d 1362 (7th Cir. 1996)(federal district court lacked subject matter jurisdiction to review constitutional challenge to claims litigated in a state court condemnation proceeding); Warburton v. Goord, 14 F.Supp. 2d 289, 296 (W.D.N.Y. 1998);  Davidson v. Garry, 956 F.Supp. 265, 268-69 (E.D.N.Y. 1996); Ackerman v. Doyle, 43 F.Supp.2d 265, 272-73 (E.D.N.Y. 1999). This is so even where the plaintiff alleges a due process violation.  See Shepherdson v. Nigro, 5 F.Supp.2d 305, 308 (E.D. Pa. 1998) (to establish injury, plaintiff would have to show that the violation of an independent due process right caused an erroneous adverse decision to be made and this is precluded by the Rooker-Feldman doctrine); Postma v. First Federal Savings & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996); Wright v. Tackett, 39 F.3d 155 (7th Cir. 1994)(per curiam) (action alleging conspiracy to violate civil rights barred by Rooker-Feldman), cert. denied, 115 S.Ct. 1100 (1995); Ritter v. Ross, 992 F.2d 750 (7th Cir. 1993), cert. denied, 510 U.S. 1046 (1994) (same); McInerney v. Garcia, 1998 WL 283574 (N.D. California, 1998) (unpublished decision) ("[p]laintiff's attempt to recharacterize actions by the defense counsel and the judge in that case as an 'extra-judicial' 'conspiracy' does not change the fact that the present case amounts to a federal appeal of a state judgment . . .").

"If the constitutional claims presented to the United States district court are 'inextricably intertwined with the merits of a judgment rendered in state court, 'then the district court is in essence being called upon to review the state-court decision.  This the district court may not do." Feldman,

460 U.S. at 483-84 n. 16. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 23, 25 (1987), cited in Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999); see also Guadarrama v. U.S. Department of Housing and Urban Development, 74 F.Supp. 2d 127, 139 (D.P.R. 1999) (citation omitted); Vasile v. Dean Witter Reynolds, Inc., 20 F.2d 465, 492 (E.D.N.Y. 1998) (under Rooker-Feldman, a plaintiff may not institute in federal court an action that either directly challenges the holding or decision of a state court or indirectly challenges the holding or decision of a state court by raising issues in federal court that are "inextricably intertwined" with the state court's decision).

      Here, Schebel seeks to have this Court invalidate child custody and child support decisions made in numerous state court cases involving other non-custodial parents, and thus determine the rights of thousands of families in Massachusetts, without benefit of the particular circumstances in each case. Complaint, *passim*. Schebel's requested relief "would, if granted, effectively void the state court's judgment. Most importantly, the federal court would essentially be acting as an appeals court reviewing the state court judgment, which violates the Rooker-Feldman doctrine." Hill, 193 F.3d at 39. Cf. Landers Seed Co. v. Champaign Nat'l Bank, 15 F.3d 729, 732 (7th Cir. 1994); Charchenko v. Stillwater, 47 F.3d 981, 983 (8th Cir. 1994). Schebel's claims by their very nature are "inextricably intertwined" with the state trial court divorce, child custody and child support orders. Under the Rooker-Feldman doctrine, review of plaintiff's and other non- custodial parents' child custody and child support decisions is barred in this forum, and instead, review was properly relegated to the Massachusetts state appellate courts and the U.S. Supreme Court, if constitutional

issues were posed. Because Schebel is subject to a state court judgment concerning divorce, child custody, and/or child support, this complaint should be dismissed under the Rooker-Feldman doctrine. Indeed, plaintiff had the opportunity to raise in his previous Massachusetts state court proceedings any of the issues that he alleges in the present action. Accordingly, pursuant to the Rooker-Feldman doctrine this Court is without jurisdiction to hear this matter and it should be dismissed in its entirety.

VI. **PLAINTIFF'S COMPLAINT IS IMPROPERLY PLED BECAUSE IT FAILS TO CONTAIN A SHORT AND PLAIN STATEMENT AND IT FAILS TO ESTABLISH SCHEBEL'S PERSONAL INVOLVEMENT IN EACH CLAIM AND THAT A SPECIFIC RIGHT WAS VIOLATED.**

Although a *pro se* complaint is held to a less stringent standard than that prepared by an attorney, Haines v. Kerner, 404 U.S. 519, 520 (1972), there are limits on the degree of liberality required. Fed. R. Civ. Proc. 8(a) requires, in pertinent part, that a complaint contain "a short and plain statement of the claim," while Rule 8(e)(1) requires "[e]ach averment of a pleading [to be] simple, concise and direct." Dismissal is warranted under Rule 12( e) if the pleadings are so vague and ambiguous as to deprive the opponent of the reasonable opportunity to "frame a responsive pleading." " [M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." Scheidv. Fanny Farmer Candy Shops, Inc., 859 F.2d 434,436 (6th Cir. 1988).

Further, a "district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Kuehl v. Federal Deposit Insurance Corporation, 8 F.3d 905, 908 (1993)(affirming dismissal for failure to comply with Rule 8(a)(2)); accord Newman v.

Massachusetts, 115 F.R.D. 341 (D. Mass. 1987); Green v. Massachusetts, 108 F.R.D. 217 (D. Mass. 1985); Cranney v. Trustees of Boston University, 139 F. Supp. 130 (D. Mass. 1956). A *pro se* complaint that fails to meet this requirement may appropriately be dismissed. Dutkiewicz v. Foster, 88 F.R.D. 85 (D. Mass. 1980)(dismissing *pro se* complaint because did not serve as a short and plain statement).

Here, Schebel's complaint does not establish that he, personally, has been involved in each of the alleged claims and it fails to identify how rights were violated. Schebel merely alleges that his claims are based on violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments, as well as statutory provisions. Further, the complaint fails to satisfy Rules 12 and 8, as discussed above. For these reasons, the Commonwealth should not be required to defend in this action and the complaint should be dismissed in its entirety.

## CONCLUSION

Defendant Commonwealth of Massachusetts respectfully requests that the Court grant the motion to dismiss with prejudice.

        **COMMONWEALTH OF**
        **MASSACHUSETTS,**
        **THOMAS F. REILLY**
        **ATTORNEY GENERAL**

By: /s/ Timothy M. Jones
     Timothy M. Jones
     Assistant Attorney General
     Western Massachusetts Division
     1350 Main Street, 4th Floor
     Springfield, MA 01103
     (413)784-1240 ext. 105

(413)784-1244 - Fax
BBO#618656

CERTIFICATE OF SERVICE

      I, Timothy M. Jones, hereby certify that on April 25, 2005, I served a copy of the foregoing **COMMONWEALTH'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** by First-Class Mail, postage prepaid, on the following parties of record:

Joseph F. Schebel, Jr., pro se
71 Columbia Drive
Feeding Hills, MA 01030


                                                  By:    /s/ Timothy M. Jones
                                                                     Timothy M. Jones